*MOUNOT* vs. *WILLIAMSON.*

APPEAL from the court of the second district —the judge of the 8th presiding.

MARTIN, J. delivered the opinion of the court. The petitioner states that he was possessor of a slave, on which his vendor held a mortgage for $400, and had obtaineded a writ of seizure and sale, and the defendant purchased her at a sheriff's sale, under an execution against him, the present plaintiff, for the sum of one hundred and fifty dollars, which was less than the sum she was mortgaged for. The petition concludes with a prayer that the sale be set aside, and that he may have judgment for the slave or her value.

When a property is sold by the sher.ff, subject to a mortgage, and not subject to the *payment* of the mortgage, the purchaser is not responsible for the lien. And if the property sold does not amount to the mortgage, there is no sale.

It is sufficient notice of such mortgage, that it is mentioned in the bill of sa.

The defendant averred himself the legal owner of the slave, and that if any writ of seizure and sale issued, it was illegally and improvidently issued. He denied all the other allegations.

The defendant had judgment, and the plaintiff appealed.

The statement of facts shews that the following documents were introduced:

EasternDist.
*January* 1829
MOUNET
*vs.*
WILLIAM-
SON.

The sheriff's sale to the defendant, May 16, 1824.

The execution issued in favor of Dufilho against the plaintiff.

The parish judge's certificate of his mortgage.

The writ of seizure and sale in favor of Arbonneaux, the plaintiff's vendor, April 16, 1824.

Parol evidence of the slave being in the defendant's possession.

The appellant's counsel contends that,

1. The sale is illegal as the price is not equal to the amount of the mortgage.

2. The registry of the vendor's lien was not a necessary guard to the appellee, whose title shews he had notice.

3. The sheriff should have sold subject to the payment of the mortgage, and not subject to the mortgage.

The appellee contends that,

1. There is no privity of contract between him and the appellant, nor any proof that the former profited by any injury sustained by the latter.

2. The act of 1817 requires only that the sheriff should sell subject to such mortgages as may exist—the clause inserted that the sale was subject to the order of seizure, is a mere surplusage.

3 The order of seizure in the present case, illegally and improvidenily issued, being claimed on no authentic act, but on one signed by a notary only, and not by two witnesses.

4. The order of seizure, even if legal, could give no right to any but to Arbonneaux.

5. The certificate of the parish judge, produced by the sheriff, repels any presumption of notice arising from any part of the sheriff's deeds.

6. The appellee, were he to pay the price to the appellant, would be still liable to Arbonneaux.

We are of opinion that the appellee, altho' he bought a slave subject to a mortgage of $400, for $150, did not bid $550, but $150 for the slave, *i. e.* less than the sum she was mortgaged for ; and therefore there was no legal sale. *Landreaux* vs. *Hazzelton, vol.* 1, 600, *De Armas* vs. *Morgan, vol.* 3, 604, *Balfour* vs. *Chew,* 4 *vol.* 154.

MOUNET
*vs.*
WILLIAM-
SON.

We also think that the express mention in the bill of sale, is evidence of the existence of the mortgage, notwithstanding the certificate of the parish judge; for the certificate goes only as to mortgages recorded in his office, not as to those that may exist without a record there, or on record any where else.

So that the appellant ought to have recovered, unless there be something in the possession of the appellee that prevents it.

I. The absence of any privity of contract between the appellant and appellee is alleged. We are not prepared to admit that there is no privity, for were the appellee evicted by any but the appellant's vendor, he would have a right to demand from the appellant the amount of the debt paid to the creditor, on the *fi. fa.*, and perhaps this right would exist if evicted by the vendor. It is true, there is no evidence of the appellee having been benefitted by any injury sustained by the appellant. But should the appellant be compelled to pay his vendor, in the absence of a personal obligation of the appellee to pay any more than his bid, he might suffer and the appellee be benefitted thereby.

Eastern Dist.
January 1829

MOUNET
vs.
WILLIAM-
SON.

II. The statute says the property shall be sold subject to the *payment*, by the purchaser, of the previous mortgages or privileges.

III. It is true the writ of seizure and sale issued illegally and improvidently, on a mortgage *sous seing prive*. Of this the mortgagee might have complained, and the writ would have been set aside. The creditor on the *fi. fa.* might, perhaps, have directed the sheriff not to regard the mortgage, but neither did so, and the sheriff's sale must be taken *pro est sonat*: a sale to which the creditor and debtor in the execution are, by their silence, presumed to have assented, and to which the appellee must be bound, because he willingly became a party thereto.

The appellant, had he demanded then the writ of seizure and sale, would *in fore conscientia* have done an injury to his vendor— the creditor in the *fi. fa.* was perhaps bound *in fore conscientia* not to resist the execution of the order of seizure and sale, if it did not retard or jeopardise his payment. Their consent must be presumed from their silence. The appellee having become a party, for his own benefit, to a contract which left the purchased

Eastern Dist
January 1829

MOUNET
*vs.*
WILLIAM-
ON.

property bound for the appellant's debt, without undergoing the personal obligation of paying it, did not bid a sum exceeding the amount of the mortgage. In such a case we have said there is no sale. As to him, the order of seizure and sale is as binding as if the mortgage resulted from an authentic act.

IV. The appellant's right, now insisted on, results from the illegality of the sale, and not from the order of seizure, which, it is true, gave no right to any but the vendor.

V. The consequences of the certificate have been examined.

VI. We have said the appellee is not personally bound to pay the mortgage; by surrendering the mortgaged slave, he will be discharged from any liability.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; the sale set aside; and that the appellant recover the slave mentioned in the petition, with the value of her labour, while in the appellee's possession, to be assessed in the district court; he reimbursing thereout, or otherwise to the appellee, the sum mentioned in the sheriff's bill of sale,

as the consideration of it, with interest at five Easern D ist per cent.; the appellee paying costs in both *January* 1829 courts.

*Morse* for the plaintiff—*Eustis* for the defendant.